**ALLIED CONCORD FINANCIAL CORPORATION**

v.

**The UNITED STATES.**

No. 104–68.

United States Court of Claims.

Jan. 23, 1970.

George E. McMurray, Jr., Washington, D. C., attorney of record, for plaintiff.

Edward J. Friedlander, Washington, D. C., with whom was Asst. Atty. Gen., William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COL-LINS, SKELTON, and NICHOLS, Judges.

## ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

DURFEE, Judge.

On September 26, 1960, a mortgage loan of $687,600 was made by Allied Concord Financial Corporation, formerly Allied Building Credits, Inc. to the Kurtz Methodist Foundation, a California Corporation, for the purpose of constructing an apartment project. The building contractor was Capitola Corporation of Menlo Park, California. The mortgage loan was insured by the Federal Housing Administration, as of the same date, under Section 221 of the National Housing Act. 12 U.S.C. § 1715*l* (1958)

In accordance with FHA requirements, Allied executed a Mortgagee's Certificate dated September 26, 1960, wherein it certified in paragraph 18(c) that it had a firm commitment from the Federal National Mortgage Association (FNMA) to purchase said loan, when fully disbursed and fully insured, at a discount rate of 1½%, and that it would collect from the building contractor the sum of $10,314 to cover that discount. This amount was paid to the mortgagee by the contractor, Capitola Corporation. Plaintiff did not sell the mortgage to FNMA or to any other party, and was the owner thereof at the time its loan was defaulted by the Kurtz Foundation.

Upon default by the Kurtz Methodist Foundation on April 1, 1962 of its mortgage obligation, plaintiff on August 10, 1962 assigned the mortgage and loan instrument secured thereby to FHA and filed its claim with FHA in the net amount of $680,437.50, pursuant to its FHA mortgage insurance.

In its letter of November 28, 1962, FHA stated its terms of settlement of plaintiff's claim: "Your claim filed in the net amount of $680,437.50 is settled in the net amount of $667,240.14, a decrease of $13,197.36. This decrease consists of the $10,314 discount * * *"

(plus other items not in dispute). The FHA letter further stated: "Since the amount of the discount has not been remitted and to facilitate the settlement of the claim, we have deducted the $10,314 discount from the amount of the debentures."

Under its certification to FHA (FHA Form 2434), plaintiff certified that: (1) in addition to the initial service charge, it would collect from the contractor the amount of $3,225 representing a discount or other financing charge, and (2) that it had a firm commitment from FNMA to purchase the loan when fully disbursed and fully insured at a discount of $10,314, and that $10,314 would be collected from the contractor to cover that discount.

Plaintiff contends that the refusal by the Federal Housing Administration to include said amount of $10,314, representing the aforesaid discount, in the debentures issued to plaintiff and its disallowances of plaintiff's claim for this amount constituted a breach of the Federal Housing Administration's contractual obligation to grant insurance benefits to plaintiff, as provided by its commitment, and a violation of plaintiff's rights under the National Housing Act as amended and the pertinent regulations issued thereunder.

Plaintiff's position is that it collected the $10,314 on its own behalf from the contractor as a discount or financing charge. However, in paragraph 18(c) of its certification to FHA, plaintiff states that it "will collect from the contractor the sum of $10,314 *to cover that discount*," *i. e.*, the FNMA discount of 1½% on the proposed purchase of plaintiff's loan.

From plaintiff's insurance certification to FHA and the other circumstances to which we have referred, we conclude that the amount of the discount of $10,-314 was not to cover any financial or discount charge by plaintiff to the contractor on plaintiff's own behalf. This item was collected by plaintiff as reimbursement for the 1½% discount to be deducted by FNMA on its purchase of the mortgage loan. Since this sale never occurred, due to the default of the mortgagor on its mortgage obligations, plaintiff never incurred this discount cost, which it certified under paragraph 18 (c) was "to cover that discount."

The regulation upon which defendant places principal reliance is Section 207.-258(a) (1) of the FHA regulations, 24 CFR § 233.8 (1959 ed.), which lists the requirements upon an assigning mortgagee. Included therein are delivery to the Commissioner of:

(v) Any cash or property held by the Mortgagee or its agents or to which it is entitled, including deposits made for the account of the Mortgagor, and which have not been applied in reduction of the principal or the mortgage indebtedness;

(vi) All funds held by the Mortgagee for the account of the Mortgagor and which were received pursuant to any other agreement.

Under an assignment dated September 26, 1960, plaintiff specifically assigned to FHA, upon default by the mortgagor:

(5) any cash or property held by the undersigned and its agents or to which it is entitled as a result of the mortgage transaction, including deposits made for the account of the mortgagor and which have not been applied in reduction of the principal of the mortgage indebtedness; * * *.

The mortgage loan was insured by FHA as of the same date.

Defendant contends that it is apparent from plaintiff's written expressions of intention prior to the collection of the discount and from its certification in paragraph 18(c) in its Mortgagee's Certificate that the discount to which it now claims entitlement was not collected for the benefit of the mortgagee-plaintiff; and that the consideration for the discount never having materialized, the amount thereof under the applicable FHA regulation § 207.258(a) (1), *supra*, be held to be for the account of the mortgagor to which defendant is entitled under FHA regulations and its assignment from plaintiff.

Plaintiff has been paid the full amount of the $687,600 insured by FHA, less the discount of $10,314 deducted by FHA. Plaintiff has also received and retained $10,314 from the contractor for a contingent discount cost it never had to pay or assume, since there was no purchase of the mortgage loan by FNMA or anyone else. Apparently, there was no language in any document which specifically spelled out what was to be done with this particular discount in the event of default prior to the sale of the mortgage. However, under all the facts and circumstances, we conclude that under the provisions of FHA regulation § 207.-258(a) (1) and the assignment of September 26, 1960 by plaintiff to FHA, plaintiff held this $10,314 *as a result of the mortgage transaction,* and FHA was entitled to deduct this same amount for the account of the mortgagor in its settlement with plaintiff.

Accordingly, plaintiff's motion for summary judgment is denied, defendant's cross-motion for summary judgment is granted, and plaintiff's petition is dismissed.